IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| **KODILINYE OGONNA OJUKWU** | * | | |
| Petitioner | * | | |
| | * | Civil No.: | PJM 11-0555 |
| v. | * | Crim. No.: | PJM 09-0470 |
| | * | | |
| **UNITED STATES OF AMERICA** | * | | |
| Respondent | * | | |

## MEMORANDUM OPINION

Kodilinye Ogonna Ojukwu, proceeding *pro se*, has filed a Motion for Reduction of Sentencing [Paper No. 74], which the Court construes as a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody brought pursuant to 28 U.S.C. § 2255.[1] Having considered Ojukwu's Motion and the Government's Opposition thereto, the Court **DENIES** the Motion.

### I.

On October 14, 2009, a federal grand jury returned a superseding indictment against Ojukwu, charging him with 12 counts of visa fraud in violation of 18 U.S.C. § 1546. Specifically, the Government alleged that Ojukwu knowingly made false statements in applications for permanent employment he prepared on behalf of others.

On August 3, 2010, Ojukwu pled guilty to a single count of visa fraud. Shortly thereafter, on September 10, 2010, the Court sentenced him to 16 months in prison, with credit for time

---

[1] Because Ojukwu filed his Motion some three months after sentencing, the Court does not construe the Motion as a Rule 35 Motion to Correct or Reduce a Sentence. *See* Fed. R. Crim. P. 35(a) (requiring that a Motion to Correct or Reduce a Sentence be filed "[w]ithin 14 days after sentencing").

served, to be followed by two years of supervised release. The Court also ordered that Ojukwu, a citizen of Nigeria, surrender to a duly authorized immigration official for deportation.

On December 10, 2010, while in federal custody pending deportation, Ojukwu filed the instant Motion to Vacate, in which he asks the Court to vacate or reduce his sentence on the grounds that he received ineffective assistance of counsel leading up to his guilty plea and sentencing.

**II.**

Ojukwu's Motion to Vacate reads, in its entirety, as follows:

I, the Defendant in the case have come to realize that I was wrongly advised by my Counsel, Ms. Christine Gage, Esq., based on which advise [sic] I had taken the plea of guilt [sic] in the said case that resulted in my conviction.

I therefore formally request that the said conviction be vacated/set aside for the ineffectiveness of counsel.

Alternatively, that the Sentence in the said case be reduced for the reasons relating to circumstances of the said Sentencing. I further humbly request for the assistance of the Court to appoint me a reliable assistance of Attorney as I cannot now afford one because of my impecuniosities.

In response, the Government argues that Ojukwu "fails to allege *any* factual basis for his request," and that his Motion should therefore be denied. The Government also requests an expedited ruling in this matter, on the grounds that Ojukwu "may well be attempting to postpone his deportation proceeding based on the filing of this non-meritorious motion."

**III.**

A claim of ineffective assistance of counsel in violation of a habeas petitioner's Sixth Amendment rights is examined under the familiar two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

Under *Strickland*'s first prong, a petitioner must "show that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A petitioner may make such a showing by proving that his counsel "fell below an objective standard of reasonableness" "under prevailing professional norms." *Id.* at 687-88; *see also United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). In other words, the performance of petitioner's counsel must have been outside "the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted). Under this prong, the law presumes that a defense attorney was competent, and "[j]udicial scrutiny of counsel's performance must be highly deferential [because i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence . . . ." *Strickland*, 466 U.S. at 689.

Generally speaking, a habeas petitioner is bound by the representations he made under oath during a plea colloquy. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). Thus, absent clear and convincing evidence showing that his sworn representations were somehow inaccurate, untruthful, or involuntary, a petitioner cannot satisfy the first prong of the *Strickland* standard merely by making claims of ineffective assistance that are plainly belied by representations made to the Court during his plea colloquy. *See id.*; *see also Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001).

In any event, even if a habeas petitioner succeeds in showing that his counsel's performance "fell below an objective standard of reasonableness" "under prevailing professional norms," *Strickland*, 466 U.S. at 687-88, he must still show, pursuant to the second prong of the *Strickland* analysis, that his counsel's "deficient performance prejudiced the defense." *Id.* at 687. Thus, where the defendant pled guilty, he "must show that there is a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

## IV.

As the Government correctly notes, Ojukwu's Motion, which contains nothing more than conclusory allegations of ineffective assistance of counsel, alleges no factual basis for his request whatsoever, much less a showing that defense counsel "made errors so serious that counsel was not functioning as 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Given this, and given that "[j]udicial scrutiny of counsel's performance must be highly deferential [because i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence," *id.* at 689, the Court is compelled to conclude that Ojukwu's Motion does not even come close to satisfying the first prong of the *Strickland* standard. Accordingly, the Court **DENIES** the Motion to Vacate.

## V.

Rule 11(a) of the Rules Governing § 2255 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has considered the record and finds that Ojukwu has not made the requisite showing here. Accordingly, the Court **DENIES** a certificate of appealability.

## VI.

For the foregoing reasons, Ojukwu's Motion for Reduction of Sentencing [Paper No. 74] is **DENIED**. A certificate of appealability is likewise **DENIED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**March 7, 2011**